```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
ASTRA OIL TRADING NV,

                        Plaintiff,
                                            MEMORANDUM AND ORDER
         - v -
                                            08 Civ. 10467 (NRB)
PRSI TRADING COMPANY LP,

                        Defendant.

------------------------------------X
```

**NAOMI REICE BUCHWALD**
**UNITED STATES DISTRICT JUDGE**

On December 23, 2008, we granted plaintiff's motion for an order attaching funds in two of defendant's accounts pursuant to Sections 6201 and 6210 of the New York Civil Practice Law and Rules and Rules 64 and 65 of the Federal Rules of Civil Procedure. Familiarity with that prior Memorandum and Order is assumed. On the same date that it filed papers opposing the attachment, defendant also moved to dismiss this action, arguing that plaintiff has not established that this Court has subject-matter jurisdiction pursuant to 28 U.S.C. § 1332, and that it would be inappropriate for us to assert quasi in rem jurisdiction in this case. For the reasons set forth below, defendant's motion to dismiss is denied without prejudice to defendant submitting another motion challenging the existence of

subject-matter jurisdiction following jurisdictional discovery and further development of the record.

**I. Subject-Matter Jurisdiction**

Plaintiff invokes diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)(2) as the basis for federal subject-matter jurisdiction. Challenges to subject-matter jurisdiction through a Rule 12(b)(1) motion may take the form of either an attack on the facial sufficiency of a pleading's jurisdictional averments or a challenge to the factual basis for jurisdiction. See, e.g., Jordan v. Verizon Corp., No. 08 Civ. 6414(GEL), 2008 WL 5209989, at *3 (S.D.N.Y. Dec. 10, 2008). Here, defendant makes both types of challenges, arguing (A) that plaintiff's complaint failed to allege diversity between the parties and (B) that plaintiff's principal place of business is in California, not the Netherlands, thereby destroying complete diversity. (PRSI Trading Company LP's Motion to Dismiss and Brief in Support ("Mem.") at 2-6.)

**A. Facial sufficiency**

Plaintiff alleged in its complaint filed December 3, 2008 that it is incorporated under the laws of the Netherlands and that its principal place of business is in Rotterdam. (Complaint ¶ 2.) When a plaintiff is an alien, diversity under

§ 1332(a)(2) exists only where there is no alien defendant. See Universal Licensing Corp. v. Paola del Lungo, S.p.A., 293 F.3d 579, 581 (2d Cir. 2002) ("[D]iversity is lacking . . . where on one side there are citizens and aliens and on the opposite side there are only aliens."). For purposes of evaluating whether diversity jurisdiction exists, the citizenship of a limited partnership such as defendant depends on the citizenships of all the limited partnership's constituent partners. See Carden v. Arkoma Assocs., 494 U.S. 185, 195 (1990).

Plaintiff's December 3, 2008 complaint set forth the principal place of business for each of defendant's constituent partners, as well as the state where each partner was legally formed. However, defendant argues that complaint is facially deficient because it did not allege facts pertaining to the citizenships of the constituent members of three of defendant's partners that are themselves limited liability companies. (Mem. at 3.)

Apparently to cure this deficiency, plaintiff filed an amended complaint on January 12, 2009. That complaint sets forth the states of formation and principal places of business for all of defendant's constituent partners and those partners' constituent members. (Amended Compl. ¶¶ 3-4.) We find these amended allegations facially sufficient to establish diversity jurisdiction under § 1332(a)(2).

### B. Factual challenge

Defendant also argues that, contrary to the allegations in the amended complaint, plaintiff's principal place of business is in California -- not Rotterdam -- and that we therefore lack diversity jurisdiction because two of defendant's constituent partners' principal places of business are also in California. (Mem. at 4-6.) In support of its argument, defendant submits, <u>inter alia</u>, parts of a presentation available on the website of plaintiff's parent company referring to plaintiff's operations in California (<u>id.</u> Exs. 1-3), as well as excerpts of testimony from plaintiff's president where he states that he lives in California and that he does not recall plaintiff having employees in the Netherlands (Apr. 1, 2009 Letter from William M. Katz, Jr., Esq. Ex. A). In response, plaintiff provides an attorney's declaration attesting that plaintiff's principal place of business <u>is</u> in Rotterdam (Dec. 19, 2008 Declaration of Scott D. Newman in Support of Astra Oil Trading NV's Opposition to PRSI Trading's Motion to Dismiss ¶ 3) and certain documents in support, including a listing for plaintiff from the <u>Business Week</u> website stating that plaintiff is "based in Rotterdam" (<u>id.</u> Ex. 4).

The party asserting subject-matter jurisdiction bears the burden of showing a factual basis for jurisdiction by a

4

preponderance of the evidence. Aurecchione v. Schoolman Transp. Sys., Inc., 426 F.3d 635, 638 (2d Cir. 2005). Where the factual basis for subject-matter jurisdiction is challenged, a court may consider sources outside the pleadings, such as affidavits, documentary evidence or testimony given during an evidentiary hearing. See Filetech S.A. v. France Telecom S.A., 157 F.3d 922, 932 (2d Cir. 1998).

Here, although we acknowledge that it is plaintiff's burden to prove diversity, we find that the current record regarding plaintiff's principal place of business is simply too underdeveloped, conclusory and contradictory to permit any meaningful finding of fact at this time. We therefore grant defendant's application to conduct jurisdictional discovery to facilitate development of an adequate record regarding that issue. Once that discovery has occurred, defendant has leave to move again under Rule 12(b)(1). At this time, however, defendant's motion to dismiss for lack of subject-matter jurisdiction is denied.

## II. Exercise of Quasi In Rem Jurisdiction

Defendant advances two arguments against our exercising quasi in rem jurisdiction. First, defendant argues that the circumstances here do not satisfy the due process requirements set forth in Shaffer v. Heitner, 433 U.S. 186 (1977), and

International Shoe Co. v. Washington, 326 U.S. 310 (1945). (Mem. at 6-8.) Second, defendant argues that even if the due process standard is satisfied here, a finding that we have quasi in rem jurisdiction would create an unacceptable risk of double recovery by plaintiff. (Id. at 8-9.) Neither of these arguments is persuasive.

On the first point, defendant is correct that any exercise of quasi in rem jurisdiction resulting from an attachment under N.Y. C.P.L.R. § 6201(1) must meet the "minimum contacts" standards set forth in International Shoe. See Cargill, Inc. v. Sabine Trading & Shipping Co., 756 F.2d 224, 228 n.2 (2d Cir. 1985). However, the due process standard for quasi in rem jurisdiction may be met by fewer contacts than are required under traditional statutory tests of "doing business" or "transacting business" in the state. Intermeat, Inc. v. Am. Poultry Inc., 575 F.2d 1017, 1022 (2d Cir. 1978) (quoting N.Y. C.P.L.R. §§ 301, 302). The proper inquiry is "whether there are sufficient minimum contacts to make it fair and just that the foreign corporation be required to come to New York to defend the action that was begun by attachment." Id. at 1022-23. "Courts analyzing quasi in rem jurisdiction have focused on the purposeful acts of the non-domiciliary giving rise to the presence or lack of a reason to expect to be haled before the forum, and have held that such jurisdiction does not exist when

6

the property serving as the jurisdictional basis has no relationship to the cause of action and there are no other ties among the defendant, the forum and the litigation." Orient Overseas Container Line v. Kids Int'l Corp., No. 96 Civ. 4699(DLC), 1998 WL 531840, at *5 (S.D.N.Y. Aug. 24, 1998).

Here, plaintiff brought this case seeking indemnification for payments it made pursuant to its obligations as a guarantor for a BNP Paribas credit facility that was created to provide defendant with working capital. Our December 23, 2008 order attached funds in that BNP Paribas account, as well as in a Citigroup commodities trading account funded in part by the BNP Paribas credit facility. As such, the attached accounts are, in the most basic sense, directly related to the instant litigation.

Moreover, when considered in context, it becomes clear that the attached accounts are an important part of a larger dispute for which the instant action is a sideshow. As set forth in greater detail in our prior Memorandum and Order, defendant was created as part of a now-collapsed joint venture between plaintiff and Petrobas America Inc. ("PAI"). The two attached accounts at issue here were maintained in furtherance of that joint venture. Plaintiff has since exercised put-option rights to end the joint venture and force a buyout by PAI, making PAI defendant's de facto owner and prompting arbitration between

7

plaintiff and PAI (represented in the arbitration by the same attorneys representing defendant in this case). The disposition of the funds contained in the attached accounts is among the issues that have been raised in the arbitration. This is, therefore, not a situation where the attached funds' presence in New York is a mere fortuity unrelated to the central disputes. On the contrary, those accounts and the funds they contain were relied upon in the operations of the same joint venture that has spawned this and other litigations in which plaintiff, defendant, PAI and their respective affiliates have been, and are, active participants. Defendant and PAI thus had good reason to expect that their broader conflict with plaintiff regarding the joint venture could result in them being haled to this forum to defend their interest in the attached funds. As such, we believe it is consistent with traditional notions of fair play and substantial justice to assert quasi in rem jurisdiction under these circumstances.

As for defendant's second argument, we believe that there exists no risk of double recovery here. There is absolutely no dispute that PAI will be obligated to pay plaintiff at least $156 million at the conclusion of the arbitral proceedings. (See 12/9/08 Oral Arg. Tr. at 27.) We think it extraordinarily unlikely that a court would someday confirm an arbitral award or resolve a related case pending in Texas without taking into

8

account any amount previously paid by defendant or its affiliates from the attached accounts or otherwise.[1]

In any case, as discussed in greater detail in our December 23, 2008 Memorandum and Order, the purpose of our attachment order was solely to maintain the status quo while the parties await resolution of their underlying disputes through arbitration.[2]  Thus, as a practical matter, the parties need have no concern that this Court will intrude in the issues currently pending before the arbitral panel.  We therefore conclude that we have _quasi in rem_ jurisdiction arising from our order of attachment in aid of security under N.Y. C.P.L.R. § 6201(1). See Cargill, Inc., 756 F.2d at 227.

---

[1] Indeed, during the course of settlement discussions, plaintiff offered to stipulate that any payment would be credited "dollar for dollar" toward the sum to which all parties concede plaintiff is ultimately entitled. (See 12/9/08 Oral Arg. Tr. at 52.)

[2] In a letter to the Court dated March 26, 2009 requesting an extension on their attachment, plaintiff's counsel reported that post-hearing briefing in the arbitration is now complete, and the parties are awaiting the panel's final determinations. We expect those determinations will eventually obviate the need for our attachment order.

## CONCLUSION

For the foregoing reasons, defendant's motion to dismiss is denied with leave to re-file following jurisdictional discovery.

**IT IS SO ORDERED.**

Dated:   New York, New York
         April 6, 2009

_____
NAOMI REICE BUCHWALD
UNITED STATES DISTRICT JUDGE

A copy of the foregoing Order has been mailed on this date to the following:

**Counsel for Plaintiff**
Scott Newman, Esq.
David S. Versfelt, Esq.
K&L Gates LLP
599 Lexington Avenue
New York, NY 10022

**Counsel for Defendants**
Robert F. Brodegaard, Esq.
William M. Katz, Jr., Esq.
Thompson & Knight LLP
919 Third Avenue, 39th Floor
New York, NY 10022